Michell, though himself a stockholder and director of the Trust, asks us to cancel the sheriff's deed, thus nullifying the aforesaid arrangement for a percentage of net earnings from the property; and he couples with this request the further request that he as judgment creditor of the Trust be given a first lien under his own subsequent judgment and be permitted to sell the property under an execution to be issued on this judgment. In other words, he seeks to profit individually to the exclusion of his fellow stockholders by substituting himself for those creditors who by greater diligence obtained a first and prior lien which bound the property as security for a judgment in all respects valid and regular. The granting of such requests is not within the scope of any sound principles of equity here or elsewhere.

The district court was right in holding that the facts and circumstances appearing from Michell's amended complaint did not constitute a cause of action, and in dismissing the case.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE YOUNG, and MR. JUSTICE KNOUS concur.

No. 14,182.

KISTLER v. KISTLER.
(82 P. [2d] 1117)

Decided July 11, 1938. Rehearing denied September 19, 1938.

Judgment affirmed in department without written opinion, Mr. Chief Justice Burke, Mr. Justice Bakke, Mr. Justice Knous and Mr. Justice Holland participating.

· Messrs. IRELAND & BLACKMAN, Messrs. ENOS, SHERMAN & MORRATO, for plaintiff in error.

Messrs. PONSFORD & PENDER, Messrs. VAN CISE, ROBINSON & CHARLTON, for defendant in error.

## No. 14,183.

KISTLER *v.* KISTLER.
(82 P. [2d] 1117)

Decided July 11, 1938. Rehearing denied September 19, 1938.

Judgment affirmed in department without written opinion, Mr. Chief Justice Burke, Mr. Justice Bakke, Mr. Justice Knous and Mr. Justice Holland participating.

Messrs. IRELAND & BLACKMAN, Messrs. ENOS, SHERMAN & MORRATO, for plaintiff in error.

Messrs. PONSFORD & PENDER, Messrs. VAN CISE, ROBINSON & CHARLTON, for defendant in error.